UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOREDAN QUIGLEY and<br>SHAMAR ROBINSON,<br>individually and on behalf of<br>all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>NATIONAL ASSET RECOVERY<br>SERVICES, INC., d/b/a NARS,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:13CV00031 ERW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant National Asset Recovery Services, Inc.'s d/b/a NARS's ("NARS") Motion to Dismiss Plaintiffs' Complaint ('Motion") [ECF No. 9]. In its Motion, NARS moves the Court to dismiss the claims contained in Count III of the Complaint filed by Plaintiffs Joredan Quigley ("Quigley") and Shamar Robinson ("Robinson"), individually and on behalf of all others similarly situated (collectively referred to as "Plaintiffs").

### I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on January 7, 2013, asserting three claims: Count I - Fair Labor Standards Act ("FLSA"); Count II - Missouri Minimum Wage Law ("MMWL"); and Count III - Quantum Meruit [ECF No. 1]. Plaintiffs brought their lawsuit as a collective action under the FLSA, and as a class action under Federal Civil Procedure Rule 23, MMWL, and Missouri common law, to recover unpaid wages owed to them. The Complaint alleges that Quigley was employed by NARS as a Call Center Employee ("CCE") between September 2010 and January 2011, and that Robinson was employed by NARS as a CCE between September

2010 and April 2012. The Complaint states that Plaintiffs bring Count III as a Rule 23 class action on behalf of themselves and "[a]ll NARS CCEs who worked at, or reported to, NARS' Missouri Call Center within the last five years" [ECF No. 1 at 11]. In this quantum meruit claim, Plaintiffs allege that NARS benefitted from work performed by Plaintiffs prior to the start of their shifts, during unpaid meal breaks, and after their shifts; and that NARS was aware it was receiving the benefit of this unpaid work at the time it was being performed, and accepted and retained that benefit without paying fair compensation for it. Plaintiffs contend that NARS's acceptance and retention of the benefit was inequitable and resulted in NARS being unjustly enriched.

NARS filed its "Answer to Plaintiffs' Complaint" [ECF No. 8] contemporaneously with its Motion to Dismiss. In its response to the allegations contained in Count III of the Complaint, NARS stated that the quantum meruit claim was subject to a Motion to Dismiss, and that, accordingly, all of Count III's allegations were denied. NARS's Answer also asserted the applicable statutes of limitation as a defense barring the Complaint's claims, in whole or in part.

## II. LEGAL STANDARD

A party may move under Rule 12(b)(6) to dismiss a complaint for "fail[ing] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test "the sufficiency of a complaint[.]" *M.M. Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

A claim has facial plausibility sufficient to survive a motion to dismiss "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* The two-step inquiry for resolving such motions suggested in *Iqbal* begins with a court determination as to which of the complaint's allegations contain factual matter that can be accepted as true, and which allegations may be disregarded as conclusory statements, legal conclusions, or threadbare recitals of the action's elements. *Id.* at 678-79. After this initial evaluation establishes the existence of well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

"[T]he possible existence of a statute of limitations defense is not ordinarily a ground for Rule 12(b)(6) dismissal unless the complaint itself establishes the defense." *Joyce v. Armstrong Teasdale, LLP*, 635 F.3d 364, 367 (8th Cir. 2011) (citation omitted).

### III. DISCUSSION

In its Motion, NARS contends that the Quantum Meruit claim asserted by Plaintiffs in Count III of their Complaint must be dismissed to the extent it seeks relief beyond the governing two-year statute of limitations of Missouri Revised Statute § 290.527. NARS claims that this specific statute of limitations applies to Plaintiffs' claim for unpaid wages, and that, consequently, their demand for unpaid wages for the five-year period preceding the filing of their lawsuit is barred. In its "Memorandum in Support of Defendant's Motion to Dismiss," NARS cites to three occasions this Court has held that claims for wages other than minimum wage or overtime are controlled by a two-year limitation period: *Davenport v. Charter Commc'ns, LLC*, No. 12-7, 2012 WL 5050580 (E.D. Mo. Oct. 18, 2012); and *Sutton-Price v. Daugherty Sys., Inc.*, No. 11-1943, 2012 WL 2282344 (E.D. Mo. June 18, 2012); *Wells v. FedEx Ground Package Sys., Inc.*, No. 10-2080, 2011 WL 1769665 (E.D. Mo. May 9, 2011).

3

In their "Suggestions in Opposition to Defendant's Motion to Dismiss," Plaintiffs contend that the Court need not decide the validity of NARS's statute-of-limitations defense, claiming that NARS has not addressed when the limitation period on Plaintiffs' claims began to run [ECF No. 11]. Plaintiffs argue that analysis of such statutes requires an application of the law to the facts of the case, and assert that the record before the Court is not sufficient to support a ruling on the defense.

Plaintiffs also contend that NARS's Motion is not supported by the weight of authority, asserting that Missouri courts have determined that quantum meruit claims, including those for unpaid wages, are subject to Missouri Revised Statutes § 516.120, a five-year statute of limitations. This statute provides that the five-year limitation period applies to:

> (1) All actions upon contracts, obligation or liabilities, express or implied, except those mentioned in section 516.110, and except upon judgments or decrees of a court of record, and except where a different time is herein limited;
>
> (2) An action upon a liability created by a statute other than a penalty or forfeiture;
>
> (3) An action for trespass on real estate;
>
> (4) An action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated;
>
> (5) An action for relief on the ground of fraud, the cause of action in such case to be deemed not to have accrued until the discovery by the aggrieved party, at any time within ten years, of the facts constituting the fraud.

Mo. Rev. Stat. § 516.120. Plaintiffs state that their claim for quantum meruit does not seek minimum wages or overtime compensation, but merely seeks non-overtime damages.

Plaintiffs further argue that NARS "overstates this District's jurisprudence on the question presented," and, in a "Notice of Supplemental Authority in Opposition to Defendant's

Motion to Dismiss," Plaintiffs inform the Court and NARS that the *Davenport* court granted a Motion to Reconsider on March 13, 2013 [ECF No. 13].

The *Davenport* decision ("*Davenport I*") heavily relied upon by NARS in its argument, held that even common-law claims for straight time wages were governed by a two-year statute of limitations. *Davenport I*, 2012 WL 5050580 at *4. Subsequently, Davenport moved the Court to reconsider its ruling, in light of another decision of this District, *Trapp v. O. Lee, LLC*, No. 12-717, 2013 WL 171812 (E.D. Mo. Jan. 16, 2013), arguing that her breach-of-contract, quantum meruit, and unjust enrichment claims were governed by the general five-year statute because they sought "straight time" or "gap time"wages, not overtime wages. *Davenport v. Charter Commc'ns, LLC*, No. 12-7, 2013 WL 992328 (E.D. Mo. March 13, 2013) ("*Davenport II*").

In *Trapp*, the Court observed that two Missouri statutes of limitations apply to the recovery of unpaid minimum wages and overtime compensation, the general two-year statute, Missouri Revised Statutes § 516.140, and the MMWL two-year statute, § 290.527. *Trapp*, 2013 WL 171812 at *2.

Missouri's general two-year limitations periods applies to:

An action for libel, slander, assault, battery, false imprisonment, criminal conversation, malicious prosecution or actions brought under section 290.140 RSMo. An action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938 and amendments thereto, such act being an act of Congress, shall be brought within two years after the cause accrued.

Mo. Rev. Stat. § 516.140. The MMWL two-year statute of limitations provides:

Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an

5

> additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. The employee may bring any legal action necessary to collect the claim. Any agreement between the employee and the employer to work for less than the wage rate shall be no defense to the action. All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action.

Mo. Rev. Stat. § 290.527.

The *Trapp* Court found that Section 290.527 did not apply to Trapp's claims, because that statute only applies to claims arising under the MMWL for an employee who is paid less wages than required by §§ 290.500 to 290.530. *Trapp*, 2013 WL 171812 at *2. The Court determined that, although the two-year limitations period in Missouri Revised Statutes § 516.140 applied to those claims in which Trapp sought overtime pay for breach of contract, quantum meruit, and unjust enrichment, the five-year limitations statute of § 516.120 applied to his claims to the extent they sought recovery of regular or straight time wages. *Trapp*, 2013 WL 171812 at *2. In its analysis, the Court noted, "Section 516.140, while not limited to claims arising under the MMWL, explicitly refers to actions for the payment of unpaid minimum wages or overtime compensation." *Id.* at *3. The Court concluded that the five-year statute of limitations governed Trapp's common-law claims for straight time wages because those claims were based in general contract law. *Id.*

The *Trapp* decision distinguished the statute-of-limitations holding in *Wells*, noting the *Wells* plaintiffs' argument opposing dismissal clarified that their wage claim was being brought under § 290.502, and conceded that 290.527 was the applicable statute of limitations. *Id.* at *3. *Trapp* also distinguished *Sutton-Price*'s holding as dealing only with the application of § 516.140 to overtime compensation, and not to straight time wages. *Id.* at 3-4. It expressly disagreed with

*Davenport I*'s conclusion that even common-law claims for straight time wages were governed by a two-year statute of limitations. *Trapp*, 2013 WL 171812 at *4.

The *Davenport II* Court granted the plaintiff's motion to reconsider its statute-of-limitations ruling. *Davenport II*, 2013 WL 992328 at *2. Agreeing with the analysis of *Trapp*, and the Western District in *Nobles v. State Farm Mut. Auto. Ins. Co.*, no. 10-4175, 2011 WL 5563444 (W.D. Mo. Nov. 15, 2011) (applying the five-year statute of limitations contained in § 516.120 to the plaintiffs' unjust enrichment claim concerning non-overtime wages, because that claim was a contract claim for straight-time, not overtime, wages), and finding its prior reliance on *Sutton-Price* to be misplaced, the Court also concluded that Missouri common law claims for straight-time are governed by the general five-year statute of limitations. *Davenport II*, 2013 WL 992328 at *2.

This Court likewise finds the reasoning of *Trapp* and *Nobles* to be the better analysis of the applicable statutes of limitations, and agrees with the conclusion, reached in those decisions and in *Davenport II*, that the five-year limitation period of Section 516.120 applies to Missouri common law claims for straight time wages. The Court finds that, to the extent that Plaintiffs' common law claim seeks straight time wages, it is governed by Mo. Rev. Stat. § 516.120.

NARS additionally argues that these decisions, and Plaintiffs' position, are at odds with the plain language of §§ 290.500(7) and 290.527, which NARS claims indicate the statutes apply to all claims for wages. The Court finds this argument unpersuasive. Sections 290.502 through 290.530 comprise the MMWL, which concerns the federal minimum wage or overtime. The plain language of Section 290.527 limits its application to underpayment of such wages: "Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected . . .."

7

*See also State ex rel. Laszewski v. R.L. Persons Constr., Inc.*, 136 S.W.3d 863, 873 (Mo. Ct. App. 2004) (finding suit that did not involve the federal minimum wage or overtime did not fall within two-year limit on such actions).

## IV. CONCLUSION

The Court finds that Plaintiffs' Complaint does not establish the existence of a statute-of-limitations defense, and that the claim contained in Count III of the Complaint has facial plausibility sufficient to survive the motion to dismiss. Therefore, the Court will deny NARS's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant National Asset Recovery Services, Inc.'s d/b/a NARS's Motion to Dismiss Plaintiffs' Complaint [ECF No. 9] is **DENIED**.

Dated this 14th day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE